IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SABRINA LACE PLUMMER

v. : Civil Action No. DKC 23-592

MGM NATIONAL HARBOR, LLC

**MEMORANDUM OPINION**

Presently pending in this employment discrimination and retaliation case is the unopposed motion to dismiss filed by Defendant MGM National Harbor, LLC ("Defendant"). (ECF No. 9). Plaintiff has not responded substantively but has repeatedly sought extensions of time to secure counsel. Plaintiff has been on notice since last June of the procedural arguments advanced by Defendant. The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff will be ordered to file a limited response to the motion in order to provide evidence, under oath and by March 13, about the date on which she received the right to sue notice.

**I. Background**

On March 3, 2023, Plaintiff Sabrina Lace Plummer ("Plaintiff") filed a *pro se* complaint alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of

1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* (ECF Nos. 1, at 6; 1-1, at 1). In the complaint, Plaintiff alleges:

> When I refused to lie and cover up for executive and senior management my work environment became tense, hostile and very toxic.
>
> I begin to experience health issues from the tense and hostile work environment[;] in turn this led to my having to be put on medical leave for severe anxiety and severe depression.

(ECF No. 1, at 5). Specifically, she alleges that she witnessed a phone conversation on or around April 18, 2019 between Defendant's director, Ron Gordon ("Mr. Gordon"), and Defendant's senior manager, David Miller ("Mr. Miller"). (ECF No. 1, at 6). In this phone conversation, she asserts, Mr. Gordon coached Mr. Miller on what to write in an employee voluntary statement form relating to his involvement in a situation with another manager, Cassandra Jackson ("Ms. Jackson"), that could lead Ms. Jackson to file a complaint against Mr. Miller. (ECF Nos. 1, at 6; 1-3, at 1-2). Plaintiff alleges that when Mr. Miller realized Plaintiff had overheard the conversation, he demanded that she "lie and cover up for him which [she] refused to do." (*Id.*). Plaintiff argues that "[w]hen [she] voiced [her] opposition and reported what [she] believed to be discriminatory activities, actions, and intentions towards coworkers, in addition to conduct unbecoming senior management in the workplace, . . . [she] was targeted and

subjected to an unbearably hostile and toxic work environment that led to [her] having to go on extended medical leave." (*Id.*). She contends that the staff in Defendant's HR office harassed her to return to work while she was on medical leave. (*Id.*). She seeks $2,242,000 in damages including loss of wages, loss of benefits, pain and suffering, punitive damages, and additional expenses for "having to put property in storage after losing home." (ECF No. 1, at 6).

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Civil Rights ("MCCR") on November 5, 2020, (ECF No. 9-2, at 2), and filed an amended charge on March 23, 2022, (ECF No. 9-3, at 8). The amended charge was identical to the original charge except it changed verb tense from present to past, reflecting that she no longer worked for Defendants. The EEOC mailed Plaintiff a Dismissal of Charge and Notice of Right to Sue on November 28, 2022. (ECF No. 9-5, at 2).

Defendants filed a motion to dismiss on June 5, 2023. (ECF No. 9). Plaintiff was provided with a *Roseboro* notice, which advised her of the pendency of the motion and her entitlement to respond within twenty-eight (28) days from the date of the letter. (ECF No. 11); *Roseboro v. Garrison,* 528 F.2d 309, 310 (4th Cir. 1975) (holding *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). On

December 7, 2023, Plaintiff contacted the Clerk's Office stating that she did not receive the *Roseboro* notice. The clerk confirmed her email address and advised Plaintiff to submit something in writing if she was concerned about missing the deadline. On December 19, 2023, the court filed a letter order providing Plaintiff until December 27, 2023 to supplement her request for more time to respond. (ECF No. 19).

On December 21, 2023, Plaintiff filed a request for extension of time. (ECF No. 20). The undersigned approved Plaintiff's request on January 1, 2024, providing Plaintiff until February 9, 2024 to respond. (ECF No. 21). On February 7, 2024, Plaintiff filed a motion for extension of time to obtain legal counsel. (ECF No. 22). The undersigned granted the motion on February 8, 2024, providing Plaintiff until March 1, 2024 to respond. (ECF No. 23). Plaintiff again failed to file any opposition to the motion to dismiss; instead, on March 5, she filed a letter seeking more time, this time more than 60 additional days. (ECF No. 24). For the reasons that follow, it appears that this case was filed at least two days late and Plaintiff will be given one final opportunity to provide information as to why that is not so.

## II. Standard of Review

A 12(b)(6) motion tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "[T]he district court must accept as true all well-pleaded

allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021). A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[ ] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 545). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

When deciding a motion to dismiss under Rule 12(b)(6), a court typically considers only the complaint and any attached documents. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The court may "consider documents . . . attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Id.* (citation omitted). Documents such as an EEOC Charge and Dismissal of Charge and Notice of Right to Sue are integral to the complaint because they are "fundamental prerequisites to [the] lawsuit." *Miller v. BrightKey, Inc.*, No. 21-cv-0995-JKB, 2021 WL 3129635, at *4 (D.Md.

July 22, 2021) (citing *Fort Bend Cnty., Texas v. Davis*, 139 S.Ct. 1843, 1851-52 (2019) (explaining that the EEOC charge filing requirement is a mandatory claims-processing rule)). Here, neither party disputes the authenticity of the MCCR and EEOC Charge, MCCR Written Finding, or EEOC Dismissal of Charge and Notice of Right to Sue. Thus, the court will consider them at this stage without converting Defendant's motion to one for summary judgment. *Miller*, 2021 WL 3129635, at *4.

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Dismissal of a *pro se* complaint . . . for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove *no set of facts* in support of his [or her] claim which would entitle him to relief.'" *Spencer v. Earley*, 278 F.App'x 254, 259-60 (4th Cir. 2008) (emphasis in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). Despite this liberal construction requirement, however, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

**III. Analysis**

Defendant advances four arguments for dismissing the complaint. First, Defendant argues that Plaintiff's Title VII claim is time-barred because she filed her complaint ninety-two days after she received a right-to-sue letter from the EEOC. (ECF No. 9-1, at 2). Second, Defendant argues that Plaintiff failed to exhaust her administrative remedies to bring any Title VII claims because she did not assert any Title VII-based claims in her charge or amended charge. (*Id.*). Third, Defendant argues that Plaintiff's apparent attempt to bring a discriminatory and retaliatory discharge claim is barred because she failed timely to exhaust her administrative remedies. (*Id.* at 3). Fourth, Defendant argues that the court should not construe Plaintiff's Title VII claims as mislabeled ADA claims because the complaint contains no allegations that assert disability-related discrimination or retaliation. (*Id.*). Defendant's first argument probably is dispositive of the entire case.

To assert a cause of action under Title VII, "an aggrieved person [must] file a civil action within 90 days of receiving a right-to-sue letter from the EEOC." *Quinn v. Copart of Connecticut, Inc.*, 791 F.App'x 393, 395 (4th Cir. 2019) (citing 42 U.S.C. § 2000e-5(f)(1)); *see also* 29 C.F.R. § 1601.28(e)(1) (requiring an aggrieved person to file an ADA action within 90 days of receiving a right-to-sue letter). The Fourth Circuit has

"explicitly recognized that the 90-day requirement is 'in the nature of a statute-of-limitations defense.'" *Quinn v. Copart of Connecticut, Inc.*, 791 F.App'x 393, 395 (4th Cir. 2019) (quoting *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006)). The ninety-day period is not jurisdictional, but instead is treated as a statute of limitations period. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *see also Quinn*, 791 F.App'x at 395 ("[A] Title VII claimant who fails to file a complaint within the 90-day period generally forfeits his right to pursue his [or her] claims."); *Fisher v. Maryland Dep't of Hous. & Cmty. Dev.*, 32 F.Supp.2d 257 (D.Md. 1998), *aff'd*, 166 F.3d 1208 (4th Cir. 1998) ("Courts have interpreted this provision as a statute of limitations, and held that failure to file suit within ninety days after receipt of a notice from the EEOC renders a plaintiff's action untimely.").

Here, the EEOC mailed Plaintiff a Dismissal of Charge and Notice of Right to Sue on Monday, November 28, 2022. (ECF No. 9-5, at 2). The EEOC explicitly advised Plaintiff that any lawsuit based on the charge must be filed within 90 days of receipt of the notice. (*Id.*). Because Plaintiff does not plead on which day she received the notice, "the court applies the presumption in [Fed.R.Civ.Pro.] 6(e) that service is received within three days." *Covington v. Target Corp.*, No. 12-cv-3540-WDQ, 2013 WL 5428702, at *3 (D.Md. Sept. 25, 2013). Presuming that Plaintiff received the

Notice on or before Thursday, December 1, 2022, she was required to file a complaint by March 1, 2023. She, however, filed the complaint on March 3, 2023. (ECF No. 1). "Courts strictly enforce the ninety day filing requirement, even if the plaintiff is *pro se*." *Moulden v. Tangherlini*, No. 14-cv-3506-RDB, 2015 WL 8757609 (D.Md. Dec. 15, 2015). Consequently, Plaintiff's complaint appears to be untimely.

In certain circumstances, there may be "reasonable grounds . . . for an equitable tolling of the filing period." *See Harvey*, 813 F.2d at 654; *accord Watts-Means v. Prince George's Fam. Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). In this case, Plaintiff has advanced no arguments in favor of applying the equitable tolling doctrine to her situation, and there is nothing in the pleadings to suggest that Plaintiff warrants such treatment. "The mere fact that plaintiff is proceeding *pro se* does not provide an excuse for non-compliance with the filing deadline." *Lear*, 1996 WL 726919, at *1.

Accordingly, Plaintiff's Title VII claim appears to be barred for untimely filing. Unless she provides evidence that the right to sue notice was received on or after December 3, 2022, this case will be dismissed.[1]

---

[1] To provide such evidence, Plaintiff must file a declaration stating that she did not receive the right to sue notice until December 3, 2022 or any date thereafter. This information is within Plaintiff's knowledge and she does not need an attorney's

## IV. Conclusion

For the foregoing reasons, Plaintiff will be directed to file a limited response to the motion to dismiss addressing when she received the right to sue notice. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

assistance to provide such a declaration. It simply must be signed under penalty of perjury.