```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                   :
SABRINA LACE PLUMMER
                                   :
    v.                             :   Civil Action No. DKC 23-592
                                   :
MGM NATIONAL HARBOR, LLC
                                   :
```

**MEMORANDUM OPINION**

Presently pending in this employment discrimination and retaliation case is the motion to dismiss filed by Defendant MGM National Harbor, LLC ("Defendant"). (ECF No. 9). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.  Background**

The relevant background was set out in a previous opinion. (ECF No. 25). Briefly, Plaintiff Sabrina Lace Plummer ("Plaintiff") filed a *pro se* complaint on March 3, 2023 alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* (ECF Nos. 1, at 6; 1-1, at 1).

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Civil Rights ("MCCR") on November 5, 2020, (ECF No. 9-2, at 2),

and filed an amended charge on March 23, 2022, (ECF No. 9-3, at 8). The amended charge was identical to the original charge except it changed verb tense from present to past, reflecting that she no longer worked for Defendant. The EEOC mailed Plaintiff a Dismissal of Charge and Notice of Right to Sue on November 28, 2022. (ECF No. 9-5, at 2).

After filing the complaint, Plaintiff consented to receive notice and service electronically. (ECF No. 5). Defendant filed a motion to dismiss on June 5, 2023. (ECF No. 9). The certificate of service indicates that it was both mailed and emailed to Plaintiff. In addition, the Clerk provided a *Rosboro* notice to Plaintiff on June 6, 2023, advising her of the filing of the motion and the necessity for a response. (ECF No. 11). No response was received from Plaintiff. On December 7, 2023, Plaintiff contacted the Clerk's Office stating that she did not receive the *Roseboro* notice. She did not indicate that she had not received the motion six months previously. The clerk confirmed her email address and advised Plaintiff to submit something in writing if she was concerned about missing the deadline. On December 19, 2023, the court issued a letter order providing Plaintiff until December 27, 2023 to supplement her request for more time to respond. (ECF No. 19).

On December 21, 2023, Plaintiff filed a request for extension of time. (ECF No. 20). The court approved Plaintiff's request on

January 4, 2024, providing Plaintiff until February 9, 2024 to respond. (ECF No. 21). On February 7, 2024, Plaintiff filed an additional motion for extension of time to obtain legal counsel. (ECF No. 22). The court granted the motion on February 8, 2024, providing Plaintiff until March 1, 2024 to respond. (ECF No. 23). Plaintiff again failed to file any opposition to the motion to dismiss; instead, on March 5, 2024, she filed a letter seeking more time, this time more than 60 additional days. (ECF No. 24). The court issued a Memorandum Opinion and Order on March 6, 2024, explaining that it appears Plaintiff's claims are barred for untimely filing and directing Plaintiff to file a declaration by March 13, 2024, under penalty of perjury, stating when she received the right to sue notice. (ECF Nos. 25; 26). In lieu of responding as directed, Plaintiff filed a letter requesting another 60-day extension of time so that she may secure counsel. (ECF No. 27). On March 12, 2024, the court denied her request, noting that an attorney's assistance to file such a declaration is unnecessary. (ECF No. 28).

On March 13, 2024, Plaintiff filed a response in opposition to Defendant's motion to dismiss. (ECF No. 29). She stated that because she has "limited familiarity with the legal profession, proceedings, terminology, and verbiage[,]" she has found it difficult to retain an attorney. (*Id.*). She requested that the

3

motion to dismiss be denied, or, in the alternative, dismissed without prejudice.[1]  (*Id.*).

## II.  Standard of Review

A 12(b)(6) motion tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor." *Mays v. Sprinkle*, 992 F.3d 295, 299 (4th Cir. 2021).  A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[ ] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 545).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[1] "Without prejudice" does not mean without consequences.  A dismissal is "without prejudice" if it is not merits-based.  That does not mean that the party may refile successfully if the statute of limitations has passed. *See, e.g., Chrisp v. Univ. of N. Carolina at Chapel Hill*, Case No. 1:20-cv-724-TDS, 2021 WL 135233, at *4 (M.D.N.C. January 14, 2021) (citing *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) ("The 'without prejudice' condition permits a plaintiff to refile the complaint as if it had never been filed.  [It] does not, however, give the [plaintiff] a right to refile without the consequence of time defenses, such as the statute of limitation.")

the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

When deciding a motion to dismiss under Rule 12(b)(6), a court typically considers only the complaint and any attached documents. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The court may "consider documents . . . attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Id.* (citation omitted). Documents such as an EEOC Charge and Dismissal of Charge and Notice of Right to Sue are integral to the complaint because they are "fundamental prerequisites to [the] lawsuit." *Miller v. BrightKey, Inc.*, No. 21-cv-0995-JKB, 2021 WL 3129635, at *4 (D.Md. July 22, 2021) (citing *Fort Bend Cnty., Texas v. Davis*, 139 S.Ct. 1843, 1851-52 (2019)) (explaining that the EEOC charge filing requirement is a mandatory claims-processing rule)). Here, neither party disputes the authenticity of the MCCR and EEOC Charge, MCCR Written Finding, or EEOC Dismissal of Charge and Notice of Right to Sue. Thus, the court will consider them at this stage without converting Defendant's motion to one for summary judgment. *Miller*, 2021 WL 3129635, at *4.

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Dismissal

of a *pro se* complaint . . . for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove *no set of facts* in support of his [or her] claim which would entitle him to relief.'" *Spencer v. Earley*, 278 F.App'x 254, 259-60 (4th Cir. 2008) (emphasis in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). Despite this liberal construction requirement, however, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

### III. Analysis

Defendant argues, inter alia, that Plaintiff's Title VII claim is time-barred because she filed her complaint 92 days after she received a right-to-sue letter from the EEOC. (ECF No. 9-1, at 2).

To assert a cause of action under Title VII, "an aggrieved person [must] file a civil action within 90 days of receiving a right-to-sue letter from the EEOC." *Quinn v. Copart of Connecticut, Inc.*, 791 F.App'x 393, 395 (4th Cir. 2019) (citing 42 U.S.C. § 2000e-5(f)(1); *see also* 29 C.F.R. § 1601.28(e)(1) (requiring an aggrieved person to file an ADA action within 90

days of receiving a right-to-sue letter). The Fourth Circuit has "explicitly recognized that the 90-day requirement is 'in the nature of a statute-of-limitations defense.'" *Quinn*, 791 F.App'x at 395 (quoting *Laber v. Harvey*, 438 F.3d 404, 429 n.25 (4th Cir. 2006)). The ninety-day period is not jurisdictional, but instead is treated as a statute of limitations period. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *see also Quinn*, 791 F.App'x at 395 ("[A] Title VII claimant who fails to file a complaint within the 90-day period generally forfeits his right to pursue his [or her] claims."); *Fisher v. Maryland Dep't of Hous. & Cmty. Dev.*, 32 F.Supp.2d 257, 264 (D.Md. 1998), *aff'd*, 166 F.3d 1208 (4th Cir. 1998) ("Courts have interpreted this provision as a statute of limitations, and held that failure to file suit within ninety days after receipt of a notice from the EEOC renders a plaintiff's action untimely.").

The statute of limitations is an affirmative defense which, ordinarily, must be pled and proved by the defense. It may, however, be reached on a motion to dismiss where the facts sufficient to rule are alleged in the complaint or are revealed by those documents noted above that may be considered without converting the motion to one for summary judgment. *Epcon Homestead, LLC v. Town of Chapel Hill*, 62 F.4th 882, 885 (4th Cir. 2023).

7

Here, the EEOC mailed Plaintiff a Dismissal of Charge and Notice of Right to Sue on Monday, November 28, 2022. (ECF No. 9-5, at 2). The EEOC explicitly advised Plaintiff that any lawsuit based on the charge must be filed within 90 days of receipt of the notice. (*Id.*). Although the court directed Plaintiff to file a declaration stating when she received the notice, (ECF No. 26), and reiterated in a later order that an attorney's assistance is not necessary to file such a declaration, (ECF No. 28), Plaintiff has not filed a declaration, and the deadline has passed.[2] Because Plaintiff has had the opportunity to specify on which day she received the notice but has not done so, the court applies the three-day mailbox rule in Rule 6(d) to the 90-day EEOC filing period. *See Harris v. Norwood Sch.*, No. 19-cv-1668-CBD, 2019 WL 6052686, at *2 (D.Md. Nov. 15, 2019) (applying three-day mailbox rule of Rule 6(d) to EEOC filing period); *Gray-Koyier v. Gladding Chevrolet, Inc.*, No. 17-cv-1409-RDB, 2017 WL 4883144, at *5 (D.Md. Oct. 30, 2017) ("When the date on which the right to sue letter was received is disputed or unknown, the 'mailbox rule' of Federal

---

[2] The court has provided Plaintiff ample opportunity to respond to Defendant's motion to dismiss. It has now been nine months since it was filed and a year since the case was filed. The court cannot grant endless extensions based on Plaintiff's unfruitful efforts to procure counsel. Plaintiff has received multiple extensions of time to respond, (ECF Nos. 19; 21; 23), and has been notified twice that the court concluded that she did not need the assistance of an attorney in order to respond to this aspect of the motion to dismiss. (ECF Nos. 26; 28).

Rule of Civil Procedure 6(d) applies and the court assumes that the letter arrived at the plaintiff's home three days after it was mailed."); *Wright v. Hertford Cnty. Bd. of Educ.*, No. 2:23-cv-30-D, 2024 WL 85926, at *6 n.1 (E.D.N.C. Jan. 8, 2024) ("Although the old section (e) in Rule 6 no longer exists, courts still apply the three-day mailbox rule in Rule 6(d) to the 90 day EEOC filing period.").

Presuming under Rule 6(d) that Plaintiff received the notice on or before Thursday, December 1, 2022, she was required to file a complaint by March 1, 2023.  She, however, filed the complaint on March 3, 2023.  (ECF No. 1).  "[C]ourts strictly enforce the ninety day filing requirement, even if the plaintiff is *pro se*." *Clark v. Saval*, No. 19-cv-3519-DLB, 2020 WL 7640819, at *8 (D.Md. Dec. 23, 2020) (quoting *Moulden v. Tangherlini*, No. 14-cv-3506-RDB, 2015 WL 8757609, at *2 (D.Md. Dec. 15, 2015)).  Consequently, Plaintiff's complaint is untimely.

In certain circumstances, there may be "reasonable grounds . . . for an equitable tolling of the filing period." *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987); *accord Watts-Means v. Prince George's Fam. Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993).  In this case, Plaintiff has advanced no arguments in favor of applying the equitable tolling doctrine to her situation, and there is nothing in the papers to suggest that Plaintiff warrants such treatment. *See Clark*, 2020 WL 7640819,

9

at *9 (granting motion to dismiss for untimely filing where "plaintiff has not shown a basis for equitable tolling[]" because "[h]is *pro se* status is neither sufficient grounds for tolling nor a basis for a more relaxed application of the limitations period[]"). "[T]he mere fact that plaintiff is proceeding *pro se* does not provide an excuse for non-compliance with the filing deadline." *Coates v. M & T Bank*, No. 14-cv-3438-WMN, 2015 WL 3889848, at *2 (D.Md. June 23, 2015) (quoting *Lear v. Giant Food Inc.*, No. 95-cv-3691-JFM, 1996 WL 726919, at *1 (D.Md. Mar. 26, 1996), *aff'd sub nom. Lear v. Giant Foods Inc.*, 96 F.3d 1438 (4th Cir. 1996)).

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
